# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUSTIN JARVIS JEROME PHILLIPS,
Plaintiff,

v.

COUNTY OF WASHTENAW;
WASHTENAW COUNTY SHERIFF'S OFFICE;
JERRY L. CLAYTON, former Washtenaw County Sheriff;
MARK A. PTASZEK, former Undersheriff;
ALYSHIA M. DYER, Acting Washtenaw County Sheriff;
MICHAEL BABYCZ, Detective, Washtenaw County Sheriff's Office;
KURT SCHIAPPACASSE, Supervisor, Washtenaw County Sheriff's Office;
JOHN DOE SHERIFF'S DEPUTY(IES) (Court Security);
CARMEL BACON, Clerk, 14A-3 District Court;
LISA FUSIK, Court Administrator, 14A District Court;
14A-3 DISTRICT COURT (CHELSEA) (prospective relief only);
MICHAEL AUTEN, Washtenaw County Attorney;
MICHELLE BILLARD, Washtenaw County Attorney;
JAMES ANDREW BUSTER, Washtenaw County Attorney;
KEITH E. EASTLAND, Washtenaw County Attorney;
GREGORY DILL, Washtenaw County Administrator;
MICHIGAN STATE POLICE;
MICHIGAN STATE POLICE – SUPERVISORY SPECIAL OPERATIONS (LANSING CAPITOL);
JOHN/JANE DOE MSP TROOPERS, who aided WCSD- Det. Michael Babycz

Defendants.

Case: 2:26-cv-10335
Assigned To : Lawson, David M.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 1/29/2026
Description: CMP PHILLIPS V WASHTENAW, COUNTY OF ET AL (TM)

---

## ~~AMENDED~~ VERIFIED FEDERAL CIVIL RIGHTS COMPLAINT
### (42 U.S.C. §§ 1983, 1985, 1986)

JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This action arises from a **coordinated retaliatory scheme** by Washtenaw County officials, sheriff personnel, court administrative staff, and state actors to **manufacture criminal allegations, misuse investigative authority, and obstruct lawful court process** after Plaintiff's criminal matters were dismissed.

2. Plaintiff, a private citizen proceeding **in propria persona**, lawfully exercised his **First Amendment right to petition, Sixth Amendment right to compulsory process**, and **Fourteenth Amendment right to due process**.

3. In response, Defendants engaged in a **frame-up**, falsely alleging that Plaintiff impersonated law enforcement in order to justify a retaliatory investigation, intimidate him, and insulate county actors from accountability.

4. The challenged conduct was **non-judicial, ministerial, investigative, and administrative** in nature and is **not protected by judicial or prosecutorial immunity**.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

## III. PARTIES

7. **Plaintiff Justin Jarvis Jerome Phillips** is a resident of Michigan.

8. **Defendant County of Washtenaw** is a municipal entity responsible for policymaking, supervision, training, and discipline of its Sheriff's Office, County Attorneys, and court administrative staff.

2

9. **Defendant Washtenaw County Sheriff's Office ("WCSD")** is a municipal law-enforcement agency acting under color of state law.

10. **Defendants Clayton, Ptaszek, and Dyer** were final policymakers for WCSD.

11. **Defendant Michael Babycz** is a WCSD Detective who initiated and pursued a retaliatory investigation without probable cause.

12. **Defendant Kurt Schiappacasse** supervised court-security deputies and failed to intervene.

13. **Defendants Carmel Bacon and Lisa Fusik** are non-judicial court employees who engaged in ministerial misconduct, false reporting, and obstruction.

14. **Defendant 14A-3 District Court** is named solely for prospective declaratory and injunctive relief.

15. **Defendants Auten, Billard, Buster, and Eastland** are County Attorneys who participated in or ratified unconstitutional conduct.

16. **Defendant Gregory Dill** is the County Administrator with final policymaking authority.

17. **Defendants Michigan State Police and associated supervisory units** acted jointly with county actors or acquiesced in unconstitutional conduct.

## IV. FACTUAL ALLEGATIONS

### A. Lawful Subpoena Activity

18. Plaintiff lawfully sought and obtained subpoena signatures through **14A-1, 14A-3, and 14A-4 District Courts**, consistent with Michigan Court Rules and SCAO guidance.

19. On **May 31, 2023**, Defendant Carmel Bacon signed subpoenas in her official capacity as clerk.

3

20. Plaintiff never represented himself as a law-enforcement officer. This fact is corroborated by **video, audio, and contemporaneous documentary evidence.**

## B. August 11, 2023 – 14A-3 Chelsea Incident

21. On August 11, 2023, WCSD court-security deputies interfered with Plaintiff at the 14A-3 District Court.

22. A deputy unlawfully searched Plaintiff's phone and attempted to delete recorded evidence.

23. Plaintiff filed complaints regarding this conduct.

## C. Retaliatory Investigation and False Reporting

24. On August 16, 2023, Detective Babycz contacted Plaintiff claiming an investigation existed based on an alleged MSP referral.

25. Babycz refused to identify any complainant, report number, date, or witnesses.

26. The allegation—that Plaintiff impersonated law enforcement—originated from **Defendants Bacon and Fusik** and was **knowingly false.**

27. MSP records custodians confirmed **no MSP complaint existed.**

## D. Pattern, Practice, and Ratification

28. Defendants ignored earlier complaints against WCSD deputies dating back to November 2021.

29. County officials selectively closed investigations without addressing material evidence.

30. Defendants' conduct reflects a **custom of retaliation, false reporting, and obstruction,** ratified by policymakers.

4

## V. CLAIMS FOR RELIEF

### COUNT I

**First Amendment Retaliation – 42 U.S.C. § 1983**

31. Plaintiff engaged in protected activity.

32. Defendants retaliated by initiating a baseless investigation and false accusations.

33. Defendants' actions would deter a person of ordinary firmness.

---

### COUNT II

**Fourth Amendment – Fabrication of Evidence / Frame-Up – § 1983**

34. Defendants knowingly fabricated allegations to justify investigative action.

35. Such conduct constitutes a constitutional frame-up.
   *See Gregory v. City of Louisville.*

---

### COUNT III

**Fourteenth Amendment – Procedural Due Process – § 1983**

36. Defendants deprived Plaintiff of liberty interests through false process and misuse of authority.

---

### COUNT IV

**Sixth Amendment – Denial of Compulsory Process – § 1983**

37. Defendants interfered with Plaintiff's lawful access to subpoenas and court process.

---

### COUNT V

**Abuse of Process – Michigan Law and § 1983 Overlay**

38. Defendants used investigative and administrative process for an ulterior retaliatory purpose.

## COUNT VI

### Civil Conspiracy – § 1983 and Michigan Law

39. Defendants reached an agreement to deprive Plaintiff of constitutional rights.

40. Overt acts were committed in furtherance of the conspiracy.

## COUNT VII

### Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985

41. Defendants conspired to interfere with Plaintiff's access to courts and equal protection.

## COUNT VIII

### Failure to Prevent – 42 U.S.C. § 1986

42. Defendants had knowledge of the conspiracy and failed to prevent it.

## COUNT IX

### Municipal Liability (Monell) – County of Washtenaw

43. Plaintiff's injuries were caused by policies, customs, and ratification by County policymakers.

## VI. DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks declarations that Defendants' conduct violated the Constitution and injunctions barring further retaliation and requiring expungement of false records.

6

## VII. DAMAGES

Plaintiff seeks compensatory, punitive, and nominal damages.

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

## IX. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 23, 2026

/s/ JUSTIN JARVIS JEROME PHILLIPS, MSW, PRO PER
Plaintiff, Pro Per

JUSTIN JARVIS JEROME PHILLIPS, MSW, PRO PER

4501 WOODWARD AVE SUITE 101-B, UNIT 263

DETROIT, MICHIGAN 48201

(424) 303-8557

PHILLIPSCOUNSEL@GMAIL.COM

# MONELL PATTERN & PRACTICE APPENDIX

Case No. _____ | Hon. _____

**Policy → Custom → Violation → Ratification**

Policy/Custom:
- Failure to discipline deputies and clerks for false reporting
- Retaliation against individuals who exercise court-access rights

Known Violations:
- Fabricated impersonation allegation
- Retaliatory investigation
- Suppression of exculpatory video/audio

Decisionmakers:
- Sheriff / Undersheriff
- County Attorneys
- County Administrator

Ratification:
- Closure of complaints without addressing evidence
- Continued reliance on known false narrative

This pattern demonstrates deliberate indifference and ratification sufficient to impose municipal liability under Monell.

# CLEARLY ESTABLISHED LAW (SIXTH CIRCUIT)

United States District Court, Eastern District of Michigan

Case No. _____ | Hon. _____

| Right at Issue | Sixth Circuit Authority | Clearly Established Holding |
| --- | --- | --- |
| Freedom from fabricated evidence | Gregory v. City of Louisville, 444 F.3d 725 (6th Cir.) | Knowingly fabricating evidence to frame a suspect violates due process. |
| Freedom from retaliatory investigation | Jackson v. City of Cleveland, 925 F.3d 793 (6th Cir.) | Government retaliation for protected conduct violates the First Amendment. |
| Freedom from prosecution based on false statements | Sykes v. Anderson, 625 F.3d 294 (6th Cir.) | Officers may not make material false statements to justify legal process. |
| Right to be free from knowingly false accusations | King v. Harwood, 852 F.3d 568 (6th Cir.) | Initiating action based on known falsehoods violates clearly established law. |

# LITIGATION HOLD & PRESERVATION NOTICE

Re: Phillips v. Washtenaw County, et al.
U.S. District Court, Eastern District of Michigan
Case No. _____

You are hereby notified of your obligation to preserve all documents, electronically stored information, recordings, and tangible materials relating to Plaintiff Justin Phillips, including but not limited to:

- Investigative files and reports
- Emails, texts, and internal communications
- Court security video/audio (14A-3 Chelsea – 8/11/2023)
- Body-worn camera, Evidence.com, and surveillance data
- Complaint intake, closure memoranda, and supervisory reviews

This duty applies to all departments, agents, and third-party vendors. Spoliation may result in sanctions, adverse inferences, or default judgment.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Washtenaw

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Justin Jones, Irene Phillips

**DEFENDANTS**
County of Washtenaw, Washtenaw County Sheriff Dept. et al

**(b)** County of Residence of First Listed Plaintiff: Washtenaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washtenaw
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Justin Jones, pro se, Phillips

Attorneys *(If Known)*
TBD

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [X] 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 448 Education / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983; 1985; 1986 - 1st/6th/14th Amendments

Brief description of cause:
Coordinated retaliatory scheme - manufactured criminal allegations

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 10 Million

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: January 22, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ pro per

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☒ Yes   ☐ No

   If yes, give the following information:

   Court: 14A-1 ; 14A-3

   Case No.: 2022-22F3 -0610-FY

   Judge: ①Cedric Simpson ②Anna Frushour

   Notes: ✓ Initial Pretrial   Felony Case handling ; misdemeanor reduced → dismissed

   Defendants County of Washtenaw; Washtenaw County Sheriff Dept, Lisa Ferst; MECU; Mercedes-benz initially coordinated - fabricated retaliatory scheme to frame-up, where direct evidence Audio - video - email - receipts clearly illustrate frame-up of plaintiff to shield bad actor entities co conspirators. New law action is derivative misconduct to further snare / entrap plaintiff for exercising God given - state - federal rights to request subpoena signature by clerk Bacon. Discovery will depict Aforementioned ji.